## WEST & RUSSELL v. RAWDEN *et ux.*

No. 891.  Opinion Filed January 9, 1912.

Rehearing Denied August 28, 1912.

1.  **PLEADING—Amendments—Discretion of Trial Court.**  Where an amended petition does not change substantially the original claim of the plaintiff it is not error for the trial court to allow it to be filed.

2.  **APPEAL AND ERROR—Review—Instructions—Harmless Error.**  Where it is apparent that an instruction given could not prejudice the rights of the losing party upon the theory his case was tried below, the same will not be held to be reversible error, although the instruction given may not have been technically correct.

3.  **ACTIONS—Grounds and Conditions Precedent.**  Where the evidence reasonably tended to show that the plaintiff returned to the defendants all the papers they received from them in relation to the sale of patent-right territory, and disclaimed any further interest therein, long prior to the commencement of an action wherein the sale of said territory incidentally came into question, and that the enterprise had long been abandoned by all the parties to the transaction on account of defects in the patented article which made its sale impracticable, a more formal reconveyance of such territory was not necessary before the commencement of said action.

4.  **DEEDS—Nature and Extent of Interest or Estate Conveyed.**  It is a presumption of law that one conveying by a general warranty deed holds the original grant.

5.  **WITNESSES—Husband and Wife—Joint Interest—Competency.**  Section 5842, Comp. Laws 1909, provides that:  "The following persons shall be incompetent to testify:  * * * Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action."

6.  **ACTIONS—Husband and Wife—Joint Parties—Witnesses.**  The wife, jointly with her husband, signed certain deeds of warranty, conveying certain lands, which deeds were the evidence introduced tending to show in whom the title to said lands was vested. In a suit for the purchase price and to foreclose a statutory vendor's lien, she joined her husband as party plaintiff, without objection. The defendants prayed for a judgment against husband and wife on their cross-petition for breach of warranty.  **Held**, that the husband and wife were joint parties with a joint interest in the action, and that the wife, therefore, was competent to testify therein.

(Syllabus by the Court.)

*Error from District Court, Woodward County;*
*R. H. Loofbourrow, Judge.*

Action by J. Rawdon and Maggie T. Rawdon, his wife, against L. D. West and John R. Russell, copartners. Judgment for plaintiffs, and defendants bring error. Affirmed.

*A. M. Appelget* and *C. W. Herod,* for plaintiffs in error.

*Hoover & Swindall,* for defendants in error.

KANE, J.   This was an action commenced by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below, to recover the purchase price of a certain piece of real estate, and to enforce the statutory vendor's lien for securing the payment thereof. The original petition alleged, in substance, that on or about the 7th day of September, 1901, the plaintiffs were the owners in fee simple of the land in controversy; that on or about said time they entered into a certain verbal agreement with the defendants whereby it was agreed that the plaintiffs would convey to the defendants an undivided one-half interest to and in said land for a consideration of $2,700, to be paid as follows:   West & Russell agreed to sell to the plaintiffs certain counties in the state of Pennsylvania within which they were authorized to dispose of a certain quilting device covered by a patent owned by West & Russell, who were to go with said plaintiffs into said territory and assist them in selling said patent right; that in the event they failed to realize the sum of $2,700 out of the territory, the defendants were to pay the plaintiffs $2,700 in cash for the undivided one-half interest in the land. That later, about the 17th day of October, 1901, they made a contract of like import for the remaining undivided one-half interest in said land for certain quilter territory in the state of Alabama; that it was further agreed in each of said contracts that in the event that West & Russell sold territory in any other state prior to the time that they had paid the defendants in error the full sum of $5,400 for the land in Woodward county, per the above agreement, then the money derived from the sale of territory in any other state would be applied upon the agreement be-

tween them until the consideration was fully paid; that acting upon the agreement, the said plaintiffs executed to the defendants a warranty deed conveying said land; that after the plaintiffs had conveyed said land, the defendants paid a total of $1,147, said payments being made at different dates, after the deeds were executed, up to December, 1903, after which time the defendants refused to make further payments, and after promises at different times to carry out the contract and delaying the plaintiffs by their promises until the 13th day of June, 1905, this action was commenced to recover the balance remaining due and unpaid, amounting to $4,200, with accrued interest. Afterwards, the plaintiffs filed an amended petition, wherein they set up their causes of action in two paragraphs, stating the facts in more detail, and prayed for relief as before. The defendants' answer admitted the contract, the execution of the deeds, etc., as alleged by the plaintiffs, and by way of defense alleged that said quilter territory constituted the sole consideration for the conveyances, and that they were under no obligation to see that the plaintiffs realized any specific sum of money from the sale thereof. The answer further alleged that the defendants were residents of the state of Kansas at the time of the making of each contract, and were such during all the periods during the making thereof, and were at the commencement of this action; that by the laws of the state of Kansas, an action upon a contract not in writing can only be brought within three years from the making thereof; that at the time of the commencement of this action they were and are barred by the statute of limitations of the state of Kansas; that by the laws of the state of Oklahoma and the territory of Oklahoma, at the time of the commencement of this action, it was provided that all causes of action arising in another state between nonresidents of this state, where the cause of action in such other state would be barred by the laws thereof, then no action can be maintained thereon within this state. By way of cross-petition, the defendants alleged a breach of warranty on the part of the plaintiffs in that there were certain incumbrances against the land at the time of the conveyance of same which the defendants were required to pay, and that they were entitled to judgment

against the plaintiffs for breach of their warranty in the sum of $2,675. The reply of the plaintiffs consisted of a general denial, and an allegation to the effect that defendants agreed with said plaintiffs on the 27th day of October, 1904, in writing to see that the contract which was made between them was carried out to the letter. Upon the issues thus joined the cause was submitted to the jury, which returned a verdict in favor of the plaintiffs for the balance due them, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

It is clear that the only issue of fact joined by the pleadings is whether the agreement between the parties was as the plaintiffs alleged it to be, or whether the sale of quilter territory constituted the entire purchase price. The jury resolved that question in favor of the plaintiffs, and as there was evidence reasonably tending to support their verdict, in our examination of the errors complained of we must proceed upon the theory that upon the merits of the case the plaintiffs were entitled to recover. Counsel for plaintiffs in error assign numerous errors, but the following embrace all the grounds for reversal which we deem it necessary to notice in detail: 1. The amended petition stated an entire, new cause of action, and it was therefore error to allow the amendment. 2. The original cause of action is not enforceable, because there was no disaffirmance of the contract by the plaintiffs, within a reasonable time, and the cause of action was barred by the statute of limitations when the action was commenced. 3. Because Maggie T. Rawdon was an incompetent witness in the cause for any purpose, for the reason that she was the wife of the coplaintiff, J. Rawdon.

We do not believe that any of these grounds are well taken. As stated before, in the amended petition, the plaintiffs stated their cause or causes of action in two paragraphs, instead of one as originally, and set out in more detail the facts which constituted the same. There seems to be no material variance between the agreements originally declared on and the ones set up in the amended petition, and the prayer for relief is substantially the same in both pleadings. It is not practicable to lay down a rigid rule in reference to the amendment of pleadings which shall

govern in all cases. Their allowance must at every stage of the cause rest in the sound discretion of the court and that discretion must depend largely on the special circumstances of each case. The ends of justice should never be sacrificed to mere form or a too rigid adherence to technical rules of practice. *Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651; *Alcorn v. Dennis,* 25 Okla. 135, 105 Pac. 1012; *Kuchler et al. v. Weaver,* 23 Okla. 420, 100 Pac. 915; *Ratliff v. Sommers,* 55 W. Va. 30, 46 S. E. 712. The amendment complained of does not change substantially the original claims of the plaintiffs, and that seems to be the only limitation upon the court below in the matter of allowing amendments.

On the question of the statute of limitations, the court below instructed the jury as follows:

"The court instructs the jury that the defendants in this case have wholly failed to sustain by proper evidence their plea of the statute of limitations set up in their answer, and you are instructed not to consider the same."

This instruction seems to be correct. We have examined the record with considerable care, and fail to find anything to sustain counsel's contention on this point.

Some point is sought to be made by counsel in their brief to the effect that the court erred in instructing the jury that two years was a reasonable time in which the defendants might have performed the alleged contract. It is not clear how such instruction could injure the defendants. If they had alleged in their answer that they had, in good faith, attempted to carry out their contract to sell the quilter territory in Pennsylvania, and could realize the purchase price, but that they had been unavoidably prevented from so doing by want of sufficient time, it is possible that the question of reasonableness of the time of performance should have been submitted to the jury. But their sole defense to the merits of the case was that the sale of the quilter territory constituted the entire consideration for the land, and that they had no further duty to perform toward the plaintiffs in that regard. They tried their case upon that theory and lost;

and not upon the theory that they had not had a reasonable opportunity to comply with the terms of the contract entered into.

One of the assignments of error is predicated upon the theory that the plaintiffs cannot recover, for the reason that they did not reconvey the quilter territory to defendants before commencing the action. There was evidence reasonably tending to show that the plaintiffs returned all the papers they received from the defendants in relation to the sale of the patent right, and that they are not claiming any title to the quilter territory. But, however that may be, it does not seem to us that the question of rescission arises under the theory upon which the case was tried. The plaintiffs alleged, and the verdict of the jury established the verity of the allegation, that the defendants guaranteed that the plaintiffs would realize the purchase price of the land out of the quilter territory sold to them; that in order to do this the defendants agreed to go with said plaintiffs and assist them in selling said territory, and that they failed to do so. Their defense set up necessarily admits that they not only failed to carry out that part of the contract, but that they also refused to do so, upon the ground that it was not required of them by the terms thereof. Under either theory the sale of the quilter territory was absolute, and there is no apparent reason why it should not remain intact after the consideration for the land was paid, the only effect of the payment being to permit the defendants to leave the plaintiffs upon their own resources for any further profits that might accrue from the sale of quilter territory. It is also disclosed by the evidence, that even with the expert advice and assistance of the defendants, the quilter territory was not a very valuable asset to the plaintiffs, and as the years went by it became less so, until finally the venture was entirely abandoned by all the parties on account of defects in the patented article which made its sale impracticable. So completely had the enterprise dwindled as a money-making proposition at the commencement of this action, it could safely be said there is nothing left to restore.

Section 5842, Comp. Laws 1909, provides that:

"The following persons shall be incompetent to testify: * * * Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action."

In the case at bar Mrs. Rawdon signed the deeds which conveyed the land to the defendants, and joined with her husband, as a party plaintiff, to recover the purchase price, and the defendants prayed for a joint judgment against husband and wife in their cross-petition for breach of warranty. As far as the record shows, she had a joint interest in the cause of action, and she certainly is jointly interested with her husband against the cross-petition of the defendants.

"It is a presumption of law that one conveying by a general warranty deed holds the original grant." (13 Cyc. 728.)

There is no evidence in the record other than the deed itself to show in whom the title to the land was vested, and of course, under such circumstances, the presumption would be that the Rawdons owned the land jointly. We think Mrs. Rawdon was clearly within the statutory exception, and therefore competent to testify in the cause.

We have examined the record with considerable care, and are satisfied that the parties had a fair trial before the jury in the court below, and that there was no error committed which would warrant this court in reversing the judgment rendered on the verdict. It is therefore affirmed.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.

THE

# SUPREME COURT,

## STATE OF OKLAHOMA

## SEPTEMBER TERM, 1912.

### PRESENT:

JOHN B. TURNER, CHIEF JUSTICE.

SAMUEL W. HAYES, VICE CHIEF JUSTICE.

R. L. WILLIAMS, }

MATTHEW J. KANE, }  JUSTICES.