### RUTLEDGE v. JARVIS et al.

No. 6449—Opinion Filed May 23, 1916.

Rehearing Denied July 19, 1916.

(158 Pac. 586.)

**Trial—Waiver of Error—Demurrer to Evidence.**

If, after a demurrer to plaintiffs' evidence, the defendant proceeds to offer evidence in his own behalf, including therein evidence on the very point on which he claimed the plaintiffs' evidence was deficient, and at the close of the trial, without interposing a further demurrer or requesting an instructed verdict, submits his case to the jury, he, by so doing, waives any error the court may have committed by its action in overruling the demurrer to plaintiffs' evidence at the close of plaintiffs' case in chief, and the status of the evidence at the close of plaintiffs' case in chief should not be given further consideration by the trial court, or by this court on appeal, except in connection with all other evidence in the case, to determine whether all the evidence was sufficient to sustain a verdict for the plaintiffs.

(Syllabus by Wilson, C.)

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by Albert Jarvis and another

against R. R. Rutledge. Judgment for plaintiffs, and defendant brings error. Affirmed.

Titus & Talbot, for plaintiff in error.

Opinion by WILSON, C. This is an action for the recovery of damages alleged to have been caused by trespassing cattle, and was originally commenced in a justice of the peace court, from there appealed to the district court, and is now here on appeal from that tribunal. The plaintiff in error was the defendant below, and the defendants in error were plaintiffs.

The defendant opposed the action on the ground that the plaintiffs were obligated by the terms of a lease contract between the parties to keep the fences of the pasture from which the trespassing cattle escaped in good repair, and that plaintiffs' failure to perform their duty in that respect, under their contract, was the cause of the cattle escaping from the pasture into plaintiffs' field. The clause of the contract relied on reads as follows:

"Party of the second part [plaintiffs] to keep up the fences and look after the stock on west of river for the use of the pasture on east side of river."

The plaintiffs admitted the execution of the contract referred to, but urged that they had been relieved of the duty of looking after the fences by a subsequent oral agreement, which defendant denied, and which his counsel contended was, if in fact made, ineffective to alter the terms of the original contract, because not in writing and without consideration.

The defendants in error have not favored us with a brief in the case, and but for the fact that the record is a small one, and the amount involved is not large, and the further fact that public interest will probably be best subserved by the litigation being concluded now, we would avail ourselves of the rule to reverse and remand the case without searching the record to find some reason to justify the judgment being affirmed. However, we have gone into the consideration of the record far enough to satisfy ourselves that, without considering, pro and con, the matters urged by plaintiff in error in his brief, the judgment should be affirmed.

At the close of plaintiffs' case in chief the defendant interposed a demurrer to the evidence, which was overruled by the court, to which ruling the defendant excepted at the time, and by his brief filed in this court urges that action as the only error contended for here, saying, on page 6 thereof, after quoting his assignment of error. No. 2, to wit:

"The court erred in overruling plaintiff in error's demurrer to defendant in error's evidence as shown at page 32 of the record"

—that "this is the only error presented for the consideration of this court." After the court overruled the defendant's demurrer to the plaintiffs' evidence, defendant proceeded to offer evidence in his own behalf, including therein evidence on the very point on which he claimed the plaintiffs' evidence was deficient, and at the close of the trial, without interposing a further demurrer, or requesting an instructed verdict, submitted the case to the jury. By so doing he waived any error the court might have committed by its action in overruling the demurrer to the plaintiffs' evidence at the close of their case in chief. 38 Cyc. 1549. Supreme Forest of W. C. v. Stretton, 68 Kan. 403, 75 Pac. 472.

Having waived the error of the court, if any, in overruling the demurrer to plaintiffs' evidence, such error, if any, could not thereafter be considered, except in connection with all the evidence in the case, to determine whether there was sufficient evidence in the case to sustain the verdict of the jury, and that question has been waived by plaintiff in error by his failure to brief that assignment, and by his express statement in his brief that the only error presented for the consideration of this court was the alleged error of the trial court in overruling the demurrer to the evidence.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.