## RAILWAY MAIL ASS'N v. EDMONDS.

No. 9833—Opinion Filed July 6, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Sufficiency of Evidence—Necessity of Objections in Lower Court.**

Where a party submits his case to the jury without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the verdict is not presented for review by his motion for a new trial.

**2. Appeal and Error—Verdict—Evidence.**

Where a verdict is rendered upon conflicting evidence and there is evidence reasonably tending to support the verdict, this court will not disturb the verdict on appeal.

Action by Charles H. Edmonds against the Railway Mail Association on an accident insurance policy. Judgment for plaintiff, and defendant brings error. Affirmed.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Warren K. Snyder, for plaintiff in error.

R. M. Campbell and Everest, Vaught & Brewer, for defendant in error.

McNEILL, J. This action was commenced in the district court of Oklahoma county by Charles H. Edmonds against the Railway Mail Association, a corporation, to recover upon an insurance policy, for the loss of an eye, in the sum of $1,000, the amount provided in the policy. The petition alleged that plaintiff received an injury on the 11th day of May, 1915, which resulted in the loss of his left eye within 120 days after the accident. It was further alleged in the petition that the plaintiff at the time of the injury was engaged as a postal clerk on car No. 326, Missouri, Kansas, & Texas Railway Company, and while so engaged, owing to the defective condition of the guard wire in said car, the plaintiff, while endeavoring to shut the door, slipped and fell, striking his left eye upon said wire, making an abrasion upon the ball of the eye, which became diseased and thereafter the eye had to be removed.

The answer filed was a denial that plaintiff was the real party in interest, claiming the policy had been assigned; admitted issuance of the policy, but denied that the plaintiff was injured by an accident, but alleged the eye was removed by reason of a self-inflicted injury by the plaintiff himself, for the purpose of recovering on the policy. Denied that any proof of loss was made. Answered especially that the policy provided

that the defendant should have the right to treat and examine the injury, and that plaintiff had refused to permit the defendant to treat or examine the injury or to have any one present when the eye was being inspected or at the operation at the time of the removal of the eye. To this answer the plaintiff filed a reply, which was a general denial. With the issues thus joined, upon the trial of the case to the jury, a verdict was returned in favor of the plaintiff, and from a judgment thereon the defendant has appealed to this court.

For reversal of the case the plaintiff in error has presented seven assignments of error. The third, fourth, fifth, and sixth assignments of error go to the sufficiency of the evidence to support the verdict. These assignments are not well taken, for the reason the sufficiency of the evidence was not raised in the lower court by demurrer to the evidence or motion to direct a verdict.

This court, in the case of Norman v. Lambert, 64 Oklahoma, 167 Pac. 213, states as follows:

"Where the plaintiff submits his case to the jury, without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial."

This same rule was announced in the following cases: Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739; Rutledge v. Jarvis et al., 158 Pac. 586.

The seventh assignment of error is that the verdict of the jury was given under bias, prejudice, and passion. This assignment of error is not briefed separately, nor is the assignment argued in the brief, unless it can be said that the verdict could not have been rendered upon the evidence given unless the jury was biased and prejudiced; but in this we cannot agree. The evidence was conflicting, and the jury was properly instructed and returned a verdict for plaintiff upon said conflicting evidence.

The second assignment is, errors of law occurring at the trial which were duly excepted to. This assignment is not separately briefed, nor does plaintiff in error set out what particular errors are intended to be covered by this assignment. If it raises the question of whether the plaintiff was the real party in interest upon the theory that the plaintiff has assigned the insurance policy, or the question of whether the plaintiff had de-

nied the defendant company the right to examine or treat the eye, and refused to permit them to have some one present at the time of the operation when the eye was removed, then it is not well taken, for these were questions of fact upon which the evidence was conflicting, and upon which the parties themselves disagreed, and the court in proper instructions submitted these questions to the jury, and the sufficiency of the evidence not being presented by demurrer or motion to direct the verdict, the finding of the jury is conclusive upon this point.

The first assignment of error is that the court erred in overruling the motion for new trial. Being unable to sustain any of the other assignments of error, it necessarily follows that this assignment is not well taken. It is sufficient to say that the case was submitted to the jury upon conflicting evidence and neither side saved any exceptions to the instructions given by the court, nor requested any instructions, and upon the conflicting evidence the jury returned its verdict in favor of the plaintiff, and the same will not be disturbed on appeal.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, and JOHNSON, JJ., concur.