## COONEY v. E. V. SCHNOOR CIGAR CO.

No. 11405—Opinion Filed July 24, 1923.

**1. Negligence—Flagrant Disregard of Traffic Ordinances.**

A flagrant disregard of traffic ordinance of a city or town providing for the maximum rate of speed at which cars may be driven and determining who have the right of way at street crossings, constitutes negligence.

**2. Trial—Instructions—Consideration as a a Whole.**

Instructions must be considered together, and while an instruction standing alone may be subject to criticism, yet if the instructions when taken in their entirety fairly submit the issues to the jury, reversible error is not committed.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Action by E. V. Schnoor Cigar Company against J. A. Cooney. Judgment for plaintiff, and defendant brings error. Affirmed.

Breck Moss, for plaintiff in error.

Chambers & Priest and M. R. Belisle, for defendant in error.

Opinion by JONES, C. The defendant in error, plaintiff below, and herein referred to as plaintiff, brought this suit in the county court of Oklahoma county, Okla., to recover damages on account of its delivery car having been struck and badly damaged and the merchandise therein lost and destroyed by a car owned and driven by plaintiff in error, defendant below, at the intersection of 12th street and Robinson avenue, in Oklahoma City, on the 11th day of November, 1918. And alleged in its petition that the damages and injuries complained of were the direct result of the recklessness and carelessness on the part of the defendant in the manner in which he was driving his car; and further alleged that defendant's car was being driven in utter disregard and in violation of the ordinances of the city of Oklahoma City, then in force, which provide that "cars at street crossings and intersections," such as the one at which this collision occurred, "should not be driven at a rate of speed to exceed 15 miles per hour." And further provides that "cars or vehicles approaching from the right shall have the right of way over those approaching from the left."

To the petition of the plaintiff the defendant filed his answer and cross-petition

generally denying all the allegations in plaintiff's petition, except such as were admitted. Specifically denying that the injuries complained of were the result of the negligence on the part of the defendant, and further alleges that the injuries, if. any, resulting from the collision complained of by the plaintiff, were the result of the plaintiff's negligence and carelessness in the operation of the car or truck. And in his cross-petition defendant alleges that the car driven by the defendant was greatly injured and damaged by reason of the negligence and carelessness of the plaintiff herein, and prays for damages.

The case was tried on the 22nd day of October, 1919, and resulted in a verdict for the plaintiff in the sum of $297.08, and judgment was rendered in accordance therewith.

Plaintiff in error, defendant below, raises numerous assignments of error, but seems to have abandoned all except the one in which he assigns as error the giving of the following instructions by the court:

"The court instructs the jury that if you believe and find from the preponderance of the evidence that the defendant was driving his automobile at a speed in excess of fifteen miles per hour at and just before his automobile collided with plaintiff's car the same constituted a violation of the ordinance of Oklahoma City regulating the speed of automobiles and other vehicles and rendered the defendant guilty of negligence and if you so find and believe then your verdict should be for the plaintiff, unless you further find and believe from the evidence that the damages and injuries to plaintiff's car were occasioned and brought about by the negligence of the driver of plaintiff's car."

Plaintiff in error contends that the vice of this instruction was caused by the failure of the court to use the following language, or some language conveying the same idea:

"If you further find such violation was the direct and proximate cause of the injury"

—and insists that the case should be reversed for this reason. We cannot agree with counsel as to this contention. In fact the right of plaintiff to recover does not depend exclusively on the negligence of the defendant in violating the traffic ordinance of the city. The defendant, plaintiff in error. would be liable for the injury if found to be the direct and proximate result of his negligence whether that negligence consisted of the violation of speed ordinance or otherwise. Furthermore, we think that the instructions, taken as a whole, clearly cover

the objections raised. In instruction No. 7 the court instructed the jury as follows:

"It was the duty of the defendant in the operation of his car when approaching the crossing at the intersection of Robinson and 12th streets to exercise such reasonable care and precaution, for the safety of pedestrians or other persons and vehicles using such crossing as commensurate with circumstances and conditions as they then and there existed, and in determining whether or not such care and precaution was taken by the defendant you should take into consideration all the facts and circumstances disclosed by the evidence bearing upon that question, and, if upon such consideration you should find that the defendant failed to exercise such care and precaution, and that the car of plaintiff was damaged as the direct and proximate result of such failure, and you further find that the plaintiff was exercising ordinary and reasonable care in the driving of its said car, then you should find for the plaintiff.

"However, if you find that the defendant was negligent in operating his car at said time and place, but you further find from all the facts and circumstances that plaintiff failed to use ordinary and reasonable care in the driving of its car and but for its failure so to do the accident would not have happened, then you should find for the defendant."

Instruction No. 8 is as follows:

"The mere fact of an accident carries with it no presumption of negligence.

"Actionable negligence is made up of three things: First, the existence of a duty on the part of the defendant to use ordinary care to protect the plaintiff from injury; (2) failure of the defendant to perform that duty, and (3) that the failure was the direct and proximate cause of the injury.

"And, in this connection you are instructed that for negligence to be the proximate cause of the injury, the injury must be the natural and probable result of such negligence."

Instruction No. 11 is as follows:

"No recovery against the defendant can be had in this case unless the damages to plaintiff's car was caused by the failure of the defendant to use ordinary and reasonable care in the operation of his car, and even if the defendant failed to use such care no recovery can be had if it further appears from the evidence that the accident would not have happened had the plaintiff itself exercised that care to avoid the injury, in driving its car, that a person of ordinary prudence would have used if similarly situated under like circumstances."

And instruction No. 14 is as follows:

"In considering the instructions which the court gives you, you will consider them as a whole and not consider a part of them or one or more of them to the exclusion of the others, but you should consider each one and each part thereof in the light of all of the others."

The instructions, taken as a whole, we think, fairly present the law of this case, and very properly submitted all the issues involved, and, as has been held by this court in the case of M., K. & T. Ry. Co. et al. v. Zuber, 76 Okla. 146, 184 Pac. 452:

"Instructions must be considered together, and while an instruction standing alone may be subject to criticism, yet if the instructions when taken in their entirety, fairly submit the issues to the jury, reversible error is not committed."

The evidence in this case on the part of plaintiff establishes the fact that the plaintiff in error, defendant below, was driving his car along 12th street at a high rate of speed, estimated to be by the witnesses of plaintiff from 35 to 50 miles per hour, and that he approached the intersection of 12th street and Robinson, where the collision occurred, to the left of the plaintiff. It is clear that he was operating his car in utter disregard of the city ordinance and without proper regard for the lives and rights of others, and that it was his duty to have checked the speed of his car, and if necessary to have stopped same, to permit the plaintiff, defendant in error, to pass. The defendant offered no evidence in the trial of the case, and we take it from the facts established by the plaintiff, had no defense to offer. And in our judgment the evidence is overwhelming, and clearly establishes the plaintiff's cause of action, and if there is error in the instructions complained of, it is clearly harmless. The case is, therefore, affirmed.

By the Court: It is so ordered.