## PITTSBURG COUNTY RY. CO. v. HASTY.

No. 14422—Opinion Filed Oct. 28, 1924.

Rehearing denied Feb. 3, 1925.

1. **Negligence—Proximate Cause of Injury —Burden of Proof.**

Where recovery is sought by the plaintiff who alleges the damage or injury was caused by the negligence of the defendant, the burden is upon the plaintiff to prove the negligence of the defendant, and that such negligence was the proximate cause of the injury.

2. **Street Railroads—Action for Injuries in Collision with Automobile—Traffic Violation by Both Parties—Erroneous Instruction.**

Where there is testimony tending to prove that both plaintiff and defendant were operating an automobile and street car respectively in violation of a city ordinance, it is error to charge the jury that if they find from the evidence the defendant was operating its street car in violation of the ordinance, such violation constituted prima facie negligence, and the burden was upon the defendant to prove its negligence was not the proximate cause of the injury.

3. **Negligence—Proximate Cause of Injury— Burden of Proof.**

The question what is the proximate cause of an injury is ordinarily a question for the jury, but the burden is always upon the plaintiff in an action for personal injuries to show the negligence charged was the proximate cause of the injury.

4. **Appeal and Error—Prejudicial Error— Inconsistent Instructions.**

The instructions must always be considered as a whole, but they must be consistent and harmonious, and where two instructions are given containing inconsistent or conflicting propositions, tending to confuse the jury, the cause will be reversed for the reason that the court is unable to determine which instruction the jury followed and which they ignored.

5. **Appeal and Error—Objections Below— Insufficiency of Evidence.**

Where the defendant has failed to demur to the evidence or request a directed verdict, the question whether there is sufficient evidence reasonably tending to support the verdict is not presented for review on plain-

tiff's motion for a new trial, and the evidence cannot be reviewed by the Supreme Court on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Monroe Hasty against Pittsburg County Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Monk & McSherry, for plaintiff in error.

I. S. Arnote, for defendant in error.

Opinion by RUTH, C. This action was filed in the district court of Pittsburg county, by the defendant in error, wherein he seeks to recover judgment for loss or destruction of an automobile, and the personal injuries sustained because of the acts of negligence of the plaintiff in error, defendant below, and for convenience the parties will be herein designated as they appeared in the trial court.

Plaintiff alleges in his petition that defendant operates a street railway line in Pittsburg county, and particularly through the city of McAlester, in said county, and while plaintiff was driving his automobile across the defendant's tracks at Second and Electric avenue in the city of McAlester, the defendant's employes carelessly and negligently ran a street car at a rate of speed of 25 miles per hour into and upon the plaintiff's automobile, wrecking the same, and injuring plaintiff; that defendants servants failed to sound any signal when approaching the said crossing, and failed to slow down for the crossing, and by reason of the negligence of the defendant, the plaintiff sustained the injuries complained of, and prays judgment.

Plaintiff sets forth the ordinance of the city of McAlester governing the movement of automobiles and street cars, and these ordinances provide that all motor vehicles and street cars, "when approaching a crossing, or rounding a curve or corner on a public street, shall sound a signal."

The ordinance provides for a speed of 8, 10, and 20 miles per hour in certain specified districts, and as it appears the accident occurred in the district permitting a speed of 20 miles per hour it will be unnecessary to set out the ordinance at length.

Defendant answered by general denial and for further answer, in the second paragraph, defendant specifically denies primary negligence on the part of the defendant, by alleging:

"That if the plaintiff and said automobile were damaged by reason of being so struck, the striking of said automobile and the damage to same and to the plaintiff in person were caused solely by the negligence of the plaintiff in that the plaintiff approached the track of the defendant driving his car at a high rate of speed upon a down grade and went upon the track of the defendant without first looking or listening to determine whether a car of the defendant was approaching said crossing; that plaintiff knew that defendant's cars were using said track at said crossing and running frequently cars thereon and knew or ought to have known that at the rate of speed at which he approached the crossing of defendant's track he could not stop his automobile in time to avoid a collision with defendant's car if defendant's car should be approaching or at said crossing as he, the plaintiff, went upon the same; that knowing these facts the plaintiff carelessly and negligently drove his automobile upon the defendant's tracks in such a way that he was unable after he had seen the approaching car of the defendant to stop his car and avoid a collision."

The third and fourth paragraphs of defendant's answer are in the following words and figures:

"Third: Defendant says that if the plaintiff's automobile was struck at the time and place as set out in plaintiff's petition by the defendant's car, and if the plaintiff's automobile and the plaintiff in person were injured at the time and place so set out, that said injury was caused by the negligence of plaintiff in this, to wit: That the law and ordinance of the city of McAlester attached to plaintiff's petition and marked exhibit 'A' provides in section 25 thereof that street cars shall have the right of way over all vehicles and that the plaintiff carelessly and negligently refused and failed at the time and place set out in his petition to allow such right of way to the defendant street car company for its cars but carelessly and negligently, without stopping or looking or listening to determine whether said street car was coming upon or to said crossing, went upon the same and carelessly and negligently stopped his automobile thereon in face of the approaching street car of the defendant in such a way that the agents of the defendant operating said street car were unable after discovery of plaintiff's automobile on said track to stop the said street car and avoid the collision.

"Fourth: Further answering defendant says that if the plaintiff's automobile, and if the plaintiff in person were injured at the time and place mentioned in plaintiff's petition, such injury to said automobile and to the plaintiff were caused by the contributory negligence and carelessness of the plaintiff in this, to wit: That the plaintiff came in his automobile at the high rate of speed toward and upon the track of the defendant without first attempting to discover the approaching car of the defendant; that by the exercise of ordinary care the plaintiff could have discovered said car of the defendant in ample time to stop his automobile before going upon the track of the defendant in front of the approaching car; that it was the duty of the plaintiff before going upon the track of the defendant to look and listen in order to determine whether or not the car of the defendant was approaching and it was the duty of the plaintiff under the laws and ordinance of the city of McAlester as pleaded in plaintiff's petition so to look and listen for approaching cars of the defendant before going upon defendant's track and to give the defendant the right of way at the crossing mentioned in plaintiff's petition; that plaintiff carelessly and negligently failed and refused so to do but that plaintiff carelessly and negligently drove his automobile at a high rate of speed upon a down grade upon the tracks of the defendant as the defendant's car was approaching and directly in front of defendant's approaching car and stopped his automobile upon said tracks directly in front of and in close proximity of the defendant's car so that the defendant had no time after discovering said automobile by the exercise of due diligence to stop its car and prevent the collision; that the plaintiff carelessly and negligently failed to drive his car across the track of the defendant before it was struck by defendant's car and carelessly and negligently attempted to reverse the engine of his automobile and back the same off said track when by continuing across said tracks he would have avoided the collision complained of."

After reply filed the cause was tried to a jury, and a verdict returned for the plaintiff, and from the judgment of the court the defendant appeals, and assigns the following as error: First, the trial court erred in overruling the motion for a new trial; second, the trial court erred in giving to the jury in his general charge, instructions numbered 5, 7, 13, 15, 16, 18 and 21; third, the trial court erred in refusing to give to the jury defendant's requested instructions numbered 11, 12, and 13; fourth, and fifth, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, that the verdict of the jury is contrary to and in disregard of the court's instructions.

The first objection urged by defendant, is to the giving of general instruction No. 5, in the following words:

"You are instructed that it is a violation of the ordinance of the city of McAlester for an automobile to travel in excess of 20 miles per hour in that part of the city in which the accident occurred, and in excess of eight miles per hour over a railroad or interurban railway crossing in said section

of the city; and it is a violation of said ordinance for a street car to run in excess of 20 miles per hour in said section of the city, and said ordinance further provides that every vehicle and street car shall be driven in a careful manner and with due regard to the safety and convenience of pedestrians and all other vehicles and street cars. Said ordinance further provides that every motor vehicle and street car in use upon the streets of McAlester shall be supplied with a suitable gong, or bell or horn, or other adequate signal in good working order and of a proper size and character sufficient to give warning of the approach of such motor vehicle or street car to riders and drivers of other vehicles and that the same shall be sounded when approaching a crossing in such a way as to give warning to other vehicles of their approach. You are further instructed that a violation of any of the provisions of said ordinances is prima facie evidence of the negligence of the party thus violating the same, and therefore if you believe by a preponderance of the evidence that the street car of the defendant was running faster than 20 miles per hour within the city limits of McAlester and prior to said accident, and while approaching said crossing or that it failed to sound a bell, gong or horn in such a way as to give warning to vehicles along the highway near the crossing where the accident occurred, that the burden of proof would then be shifted to the defendant to prove by a fair preponderance of the evidence that the accident was not proximately caused by the act of the defendant in thus violating the ordinance of the city of McAlester."

It is urged this instruction is erroneous and prejudicial for the reasons: First, the burden of proving proximate cause is shifted to the defendant in the event a violation of said ordinance on its part is shown; and second, "A unilateral application of the abstract part of this instruction to defendant's street car is made instead of bilateral application to both the defendant's street car and the plaintiff's automobile."

Under this instruction, it would only have been necessary for plaintiff to have proven the street car was being operated at the rate of 21 miles per hour, or one mile above the ordained speed limit, then proven the collision and damage, and rested, throwing upon the defendant the burden of proving a negative. to wit, that the extra mile above the limit of 20 miles was not the proximate cause of the injury. On the other hand, if it was proven the street car was being operated at a speed of 20 miles per hour, this being the speed limit provided by the city ordinance, the defendant would be relieved of the burden of proving the speed of the car was not the proximate cause of the damage,

and this burden would have to be assumed by the plaintiff.

We cannot agree that the law ever intended to draw such a fine distinction, but are more inclined to follow the rule announced in the well considered cases, found in a long, unbroken line of decisions, to the effect that where damages are suffered through accidents of this character, where negligence is alleged, that it is incumbent upon the plaintiff to prove negligence, and that such negligence on the part of the defendant was the proximate cause of the resulting injury.

While it may be true that the violation of a city ordinance is prima facie negligence and the violation of a state statute is negligence per se, this does not change the rule that plaintiff must prove such negligence was the proximate cause of the injury.

If such a rule of law prevailed, one riding on an elevator in a building in a city where the ordinance required the owner of the building to have the elevator inspected once each month, when injured on such elevator, would be required to prove the elevator had not been inspected within 30 days last past, and that he was injured thereon, and upon this proof rest his case and cast the burden upon the defendant of proving the lack of inspection was not the proximate cause of the injury.

There must be a causal connection between the acts of the defendant and the injury suffered, and this causal connection must be established by the plaintiff, else he cannot recover.

In the case at bar, the petition alleges the injury was occasioned by the defendant "carelessly and negligently running said street car, at a high rate of speed, and in a reckless and imprudent manner so as to endanger life and property and at a greater rate of speed per hour, to wit, twenty-five miles per hour, than was permitted by the ordinance of the said city of McAlester, which ordinance is attached and made a part thereof, marked exhibit A," etc.

It is apparent the plaintiff relies upon the violation of the ordinance to establish his right of recovery, but the naked proof of the violation of the ordinance is not sufficient.

In Lusk et al. v. Pugh, 71 Okla. 182, 159 Pac. 855, this court said:

"The negligence complained of is a failure of the flagman to be in his place, and thereby violating the ordinance of said city, requiring the flagman to be constantly on duty at said crossing, and the noise made by the coupling of said cars. In order to

give a right of action for the violation of an ordinance of a city, causal connection must be proved between the injuries received by the plaintiff and the act of the defendant in violating the ordinance. Wilson v. Louisville & N. R. Co., 146 Ala. 285, 40 South. 941, 8 L. R. A. (N. S.) 988.

"'This question has risen with a great frequency in Indiana, where it is generally held, in accordance with Wilson v. Louisville and N. R. Co., that it is necessary to show the causal connection between the violation of the ordinance and the injury. Thus, in Baltimore and O. S. W. R. Co. v. Conoyer, 149 Ind. 524, 48 N. E. 355, 49 N. E. 452, it is held that a complaint must show that the failure to comply with the statutory requirements in running its train was the proximate cause of plaintiff's injury, in order to permit the latter to recover, and that the mere allegation that such violation was the proximate cause was not sufficient. And to the same effect was the decision in Lake Erie and W. R. Co. v. Mikesell, 23 Ind. App. 395, 55 N. E. 488.' Note, 8 L. R. A. (N. S.) 899.

"The proximate cause of an event must be understood to be that which, in the natural and continuous sequence, unbroken by any independent cause, produces that event, and without which that event would not have occured. Sherman and Redfield on Negligence, sec. 2a; Western R. Co. v. Mutsch, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Louisville and N. R. Co. v. Quick, 125 Ala. 553, 28 South. 14; Stanton v. Louisville and N. R. Co., 91 Ala. 382, 8 South. 798.

"In St. Louis and S. F. Ry. Co. v. Lee, 37 Okla. 545, 132 Pac. 1072, 46 L. R. A. (N. S.) 357, it is said: 'In every case involving actionable negligence there must have been a duty on the part of defendant and a failure to perform that duty, and an injury or damage resulting by reason of such failure.'

"In St. L. and S. F. R. Co. v. Darnell, 42 Okla. 394, 141 Pac. 785, it is held: '* * * Although the defendant may be guilty of negligence, yet to make it liable to a person for injuries received, it must be further shown that the negligence had a causal connection with the injury; that is, that it was the proximate cause of the injury.'

"In St. L. and S. F. R. Co. v. Hess, 34 Okla. 615, 126 Pac. 760, Judge Brewer says: 'It is a well-established rule that in a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence.'"

"The question what is the proximate cause of an injury, is ordinarily a question for the jury; but the burden is always on the plaintiff, in an action for personal injuries, to show that the negligence charged was the proximate cause of the injury." St. Louis and S. F. Co. v. Davis, 37 Okla. 345, 132 Pac. 339; Milwaukee & St. P. Ry. Co. v. Kellog, 94 U. S. 475, 24 L. Ed. 256.

In Lusk v. White, 58 Okla. 773, 161 Pac. 541, it is held:

"To entitle the plaintiff to recover in an action for damages for injuries received, the burden is upon him to prove by a preponderance of the evidence, the negligence of the defendants. and that the negligence averred and proved was the proximate cause of the injuries received by plaintiff."

Substantially to the same effect are Sallisaw Cotton Oil Co. v. Holland, 56 Okla. 428, 156 Pac. 174; Patterson v. Seals, 51 Okla. 347, 151 Pac. 591; St. Louis & S. F. R. Co. v. Criner, 41 Okla. 256, 137 Pac. 705; A. T. & S. F. Ry. Co. v. St. Louis & S. F. Ry. Co., 41 Okla. 80, 135 Pac. 353; Chi., R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1111.

8 Thomp. Neg. 17-18, lays down the following general rule:

"In the case of violation of statutes the rule is that though the disobedience of the statute may be conclusive evidence of negligence, still the injured person must show that the disobedience of the statute was the proximate cause of the injury complained of or that it contributed to such."

1 Thompson Neg. 46, 47:

"The plaintiff must not only prove negligence, but he must also prove the negligence was the proximate cause of the injury, and he must show this by sufficient evidence. Mere surmise and conjecture that the negligence was the proximate cause of the injury are not sufficient."

As a general proposition, ordinarily the burden of proof as to any particular fact rests upon the party asserting such fact. Fifth Ave. Society v. Phillips, 39 Okla. 799, 136 Pac. 1076; Standard Marine Ins. Co. v. Traders Compress Co., 46 Okla. 356, 148 Pac. 1019; Midland Valley R. Co. v. Cox, 69 Okla. 123, 170 Pac. 485.

Plaintiff contends for the correctness of instruction No. 5, and directs the court's attention to the following cases: Larkey v. Church, 79 Okla. 202, 192 Pac. 569; Okla. Producing & Refining Co. v. Freeman, 88 Okla. 166, 212 Pac. 742; Cooney v. Schoor Cigar Co., 92 Okla 27, 217 Pac. 206. Cooney v. Schoor is in no manner applicable as the proposition of law now under consideration was not discussed and did not arise in that case.

Larkey v. Church, supra, and Okla. Pro. & Ref. Co. v. Freeman, supra, were cases wherein motorcycles were propelled against automobiles, and it was admitted in each case that the automobile was on the left hand side of the center of the street in violation of the city ordinance. In the Larkey Case, the verdict and judgment was for the defendant, and this court, after reviewing the evidence, said:

"If the testimony of the defendant was true and this was a matter entirely for the jury we are forced to the conclusion that the plaintiff was guilty of gross negligence on his part and that the negligence of the plaintiff was the proximate cause of the injury. * * * If he had been alert and cautious, we cannot conceive how it was possible for him not to have noticed the car approaching from the south. The jury could infer from the evidence that the injury to the plaintiff was the direct result of his failure to observe ordinary care."

The judgment having been affirmed on this ground alone, the expression of the court with reference to proof of probable cause was obiter dicta and is not binding upon this court. The court further cited with approval St. Louis & S. F. Ry. Co. v. Hess, 34 Okla. 615, 126 Pac. 760, wherein it was held:

"It is a well established rule that in a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence."

The opinion on the Larkey Case in no manner changes the rule applicable to proof of proximate cause, and the necessity of establishing the causal connection between the negligence alleged and the damages suffered, and does not cast upon the defendant the burden of proving the negligence was not the proximate cause of the damage.

The instruction, as given, is open to the further objection that it is unilateral.

The city ordinance prohibited the driving of automobiles on the street, at the point of the accident, at a speed in excess of 20 miles per hour, and testimony was introduced tending to prove the automobile was being driven at the rate of 25 miles per hour, and the rule announced by the court with reference to "proximate cause" was as equally applicable to the plaintiff's rate of speed as to the defendant's.

We cannot agree, however, with the contention of counsel that there should have been a bilateral application of the rule to both the street car and the automobile, as such application would result in an anomaly, as we would have the court saying, in effect, "that if the jury believe from the evidence that both plaintiff and defendant were violating the city ordinance, then each of them must have the burden of proving by a preponderance that their negligence was not the proximate cause of the damages" and so, in the last analysis, it resolves itself back into the well established rule that one who alleges negligence as a ground of recovery for damages sustained must establish the causal connection between the acts of the defendant and the damage suffered, and establish such facts by competent evidence, that a jury may reasonably find the negligence of the defendant was the proximate cause of the injury.

In the case of Oklahoma P. & R. Corp. v. Freeman, supra, the instruction objected to was, in part, in the following form:

"If you find and believe from the evidence that the said driver drove the truck in question on the left side of the center of the street mentioned in said petition * * * and thereby directly and proximately caused the injuries, if any, sustained by the plaintiff, then you will find for the plaintiff, unless you find and believe from the evidence that the plaintiff was guilty of contributory negligence as defined in these instructions, in which event your verdict must be for the defendant"

—and this court held the instruction as given was, in effect, a peremptory instruction for the plaintiff, and judgment was reversed upon this ground alone.

It is further contended that even if the giving of instruction No. 5, in the case at bar, was error, it was harmless error, for which this court had no power to reverse, citing sec. 319, Comp. Stat. 1921; Moses v. George, 80 Okla. 120, 196 Pac. 550; New v. Hughes, 80 Okla. 129, 194 Pac. 1071; West v. Rawdon, 33 Okla. 399, 130 Pac. 1160; M., O. & G. Ry. Co. v. Parker, 50 Okla. 491, 151 Pac. 325.

The section of the statute referred to recites:

"The court, in every stage of action, must disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

The instruction complained of in the case at bar cannot be said to be harmless, as it completely shifted the burden of proof, and was unilateral in that it directly pointed out

the defendant's alleged violation of the ordinance, and specifically directed the attention of the jury thereto, ignoring the testimony tending to prove a similar violation of the ordinance on the part of the plaintiff, who, upon the same theory, might have been charged with proof of proximate cause, and for this reason the instruction was highly prejudicial.

In Moses v. Gorge, supra, error was predicated upon the refusal of the court to give certain instructions, and in giving instruction No. 9, upon the question of exemplary damages, but as the jury did not award exemplary damages the action of the court was held harmless error.

A careful examination of all cases cited discloses, on the point contended for, their entire inapplicability to the facts herein and the instruction complained of, and are therefore not persuasive upon this court.

It is further contended that if error was committed by the court in giving instruction No. 5, that as the instructions should be considered as a whole, the error, if any, was cured by the court giving instruction No. 20.

That the instructions should be considered as a whole is beyond question. Mo., K. & T. Ry. Co. v. Lenahan, 85 Okla. 290, 206 Pac. 233; Ardmore Oil & Mining Co. v. Barnam, 72 Okla. 231, 179 Pac. 132; Mo., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142; Allison v. Bryan, 50 Okla. 677, 151 Pac. 610; Badger Oil Co. v. Clay, 83 Okla. 25, 200 Pac. 433.

Instruction No. 20, which, it is claimed, corrected the error, if any, in instruction No. 5, was in the following words:

"You are instructed that before the plaintiff is entitled to recover anything in this case he must prove by a preponderance of the evidence the negligence of the defendant, and he must prove further that the negligence averred and proved was the proximate cause of the damage received by the plaintiff."

We cannot concede the giving of this instruction cured the error in No. 5, as they are in striking contrast, not to say conflict, each with the other, and taking instructions No. 5 and No. 20 together they are calculated to so confuse the jury as to leave them with no clear conception of where the burden of proof of proximate cause finally rests.

"The instructions as a whole must be consistent and harmonious, and, where two instructions contain inconsistent propositions, the cause will be reversed for the reason that the court is unable to tell which the jury followed and which they ignored." First National Bank v. Nolen, 59 Okla. 20, 157 Pac. 754.

"The jury is not supposed to know when the court correctly or incorrectly states the law, and it is prejudicial error for the court to give conflicting instructions to the jury, and thus leave the jury to decide conflicting principles of law." Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538.

"The instructions of the court should clearly and intelligently set forth the law applicable to the issues and evidence submitted, without being conflicting, confusing or misleading." Kansas City M. & O. Ry. Co. v. Roe, 50 Okla. 105, 150 Pac. 1035.

Having arrived at the conclusion that instruction No. 5 as given by the court did not state a correct principle of law when applied to the facts in this case, and was not harmless error, but was highly prejudicial to the substantial rights of the defendant, and having arrived at the conclusion that instruction No. 20 as given by the court is so inconsistent with and contradictory of instruction No. 5 as to be confusing to a jury, as to constitute reversible error, it is unnecessary to pursue our inquiry further than to state that defendant assigns as error that the verdict is not sustained by sufficient competent evidence and is contrary to law, but the defendant neither demurred to the evidence of the plaintiff nor requested a peremptory instruction for defendant, so far as this record discloses, and where defendant fails to demur to the eivdence, and fails to request an instruction for a verdict for defendant upon all the evidence, the question of the sufficiency of the evidence is not presented to this court for consideration. Railway National Assn. v. Edwards, 79 Okla. 33, 191 Pac 159; Muskogee Elect. Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739; Ruthledge v. Jarvis et al., 60 Okla. 66, 158 Pac. 586.

For the reasons herein stated, the judgment of the trial court should be reversed, and this cause remanded to the lower court with instructions to grant the defendant a new trial.

By the Court: It is so ordered.