## COOPER v. RICHLAND COUNTY.

1. HIGHWAYS—BRIDGES—NEGLIGENCE—PROXIMATE    CAUSE.—Where    a
horse driven along a highway gets his foot fastened in a hole in a
bridge, from which he cannot extricate it, and in which position he
was likely to break his leg, its injury being the direct and proximate
result of negligence on part of the County, and its owner in attempt-
ing to help the horse is injured by the horse falling on him and
breaking his leg, the injury to the man is the proximate result of the
negligence of the County.

2. IBID.—NEGLIGENCE.—The words in the *proviso* to Section 1347, Code
1902, relating to liability for defects in highways, "has not in any
way brought about such injury or damage by his own act," *construed*
to mean the act of the person injured must be the efficient cause of
the injury; i. e., the immediate and proximate cause thereof.

Before KLUGH, J., Richland, July, 1906.    Reversed.

Action by W. B. Cooper against Richland County.

From judgment sustaining demurrer, plaintiff appeals.

*Messrs. Frank G. Tompkins* and *E. McC. Clarkson,* for
appellant, cite: *The injury of plaintiff was the proximate
cause of defendant's negligence:* 29 S. E., 910; 54 S. C.,
498; 13 Neg. R., 454. *If more than one inference can be
drawn it is always matter for jury:* 54 S. C., 498; 2 L. R.
A., 605. *Statute should be liberally construed:* 26 Ency.,
530; 59 S. C., 577; 16 S. C., 425. *Is the word "act" in the
proviso synonymous with negligence?* 18 S. E., 936; 57 S.
C., 302; 73 S. C., 254.

*Messrs. Thomas & Thomas,* contra, cite: *The nature of
the action:* 20 S. C., 118; 40 S. C., 344; 3 Pet., 398; 2 Hill.,
575. *The construction of the statute:* 29 S. C., 140; 38
S. C., 282; 18 S. C., 305; 40 S. C., 345; 29 S. C., 158; 57
S. C., 302; 70 S. C., 461. *Injury was not proximate cause
of defect in bridge:* 38 S. C., 282; 40 S. C., 390; 43 S. C.,
302; 41 L. R. A., 794; 3 S. C., 438; 1 Strob., 548; 31 S. C.,
398; 54 S. C., 503; 21 Ency., 485.

March 4, 1907.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action under section 1347, of the Code of Laws,. which is as follows: "Any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a highway, causeway, or bridge, may recover in an action against the county, the amount of actual damage sustained by him by reason thereof: *Provided,* Such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto.   If such defect in any road, causeway, or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceeded the ordinary weight: *Provided, further,* That such county shall not be liable unless such defect was occasioned by its neglect or mismanagement."   *   *   *

The material allegations of the complaint are: That while the plaintiff was being driven in his buggy along the public highway and across the bridge his horse caught his foot in a hole or break in the bridge, which became so firmly fastened that it became necessary for the plaintiff to go to the assistance of his horse in order to extricate his foot, and that while plaintiff was trying to get his horse out of said hole, the horse fell upon the plaintiff and thereby broke his leg; and that the said injury was caused by the negligent failure of the county to keep the said bridge in repair. That the injuries sustained by the plaintiff were caused by the negligence and mismanagement of the defendant as above set out, and without any negligence on the part of the plaintiff, nor did he negligently contribute thereto.

The defendant demurred to the complaint on the following grounds:

"1. It does not appear therein that the proximate cause of plaintiff's injury was a defect in the repair of a highway or bridge; it appearing, on the contrary, that the proxi-

mate cause of plaintiff's injury was his own act in trying to extricate his horse's foot from a hole in the bridge, in which it had become fastened, his horse falling upon him while so engaged and thus causing his injury, for which injury so caused, defendant is not liable.

"2. It is not alleged therein that the plaintff did not in any way bring about his injury or damage by his own act, nor negligently contribute thereto."

Both grounds of demurrer were sustained and the complaint dismissed.

The first question that will be considered is whether there was error in sustaining the ground of demurrer numbered 1.

What in law is a proximate cause is well expressed in the definition found in the case of R. R. Co. v. Kellogg, 94 U. S., 469, 474: "The primary cause may be the proximate cause of a disaster, though it operates through successive instruments, as an article at the end of a chain may be moved by force applied to the other end, that force being the proximate cause of the movement, or, as in the oft-cited case of the squib thrown in the market-place. Acott v. Shepherd, 2 W. Bl., 892. The question always is, was there any unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury." This definition is quoted with approval in Mack v. R. R., 52 S. C., 324, 29 S. E., 905; 40 L. R. A., 679. This Court then says: "There may be a succession of intermediate causes, each produced by the one preceding, and producing the one following it. It must appear that the injury was the natural consequence of the wrongful act or omission. The new independent intervening cause must be one not produced by the wrongful act or omission, but independent of it, and adequate to bring the injurious results. Whether the natural connection of

events was maintained or was broken by such new independent cause is generally a question for the jury."

The rule is thus stated in *Harrison* v. *Berkeley,* 1 Strob., 525, 549 : "It is, therefore, required that the consequences to be answered for should be natural as well as proximate (7 Bing., 211; 5 B. & Ad., 645). By this I understand not that they should be such as upon a calculation of chances would be likely to occur, nor such as extreme prudence might anticipate, but only that they should be such as have actually ensued one from another, without the occurrence of any such extraordinary conjuncture of circumstances, or the intervention of any such extraordinary result, as that the usual course of nature should seem to have been departed from. In requiring concurring consequences that they should be proximate and natural to constitute legal damage, it seems that in proportion as one quality is strong, may the other be dispersed with; that which is immediate cannot be considered unnatural; that which is reasonably to be expected, will be regarded, although it may be considerably removed (20 Wend., 223)."

This language is quoted with approval in the case of *Pickens* v. *R. R.,* 54 S. C., 498, 32 S. E., 567.

Indeed, the rule is well settled, but the difficulty arises in its application to the facts of the particular case.

It unquestionably appears from the allegations of the complaint, that the injury to the horse was the direct and proximate result of negligence on the part of the defendant. The conduct of the plaintiff, in attempting to rescue his horse from the dangerous position in which it was placed by the alleged wrongful act of the defendant, cannot be said to have been an independent agency in causing injury to the plaintiff if he acted in such a manner as was naturally and reasonably to be expected under the circumstances.

It is contended that he should have gone elsewhere for assistance. In the first place, the danger of loss by the destruction of his property was pressing, and in the second place, it would have savoured of cruelty to the animal, to

have left it with almost a certainty, that it would have broken its leg, in endeavoring to extricate its foot from the hole in the bridge. The act of the plaintiff was such as might reasonably and naturally have been expected from a man of ordinary prudence actuated by a commendable desire to relieve an animal from an extremely dangerous position. There was error, therefore, in sustaining this ground of demurrer.

The next assignment of error that will be considered is in sustaining the second ground of demurrer.

After quoting the provision of the statute preventing a recovery by the plaintiff when he "has not in any way brought about such injury or damage by his own act, or negligently contributed thereto," Mr. Chief Justice McIver, in the case of *McFail* v. *Barnwell Co.,* 57 S. C., 294, 302, 35 S. E., 562, uses this language: "The Legislature, by the use of the language above quoted, manifestly intended to declare that in either one of two contingencies the plaintiff could not recover. Ist. If the injury was in any way brought about by his own act. 2d. If he negligently contributed thereto. Now, if the statute had stopped after declaring the first of these contingencies, then possibly the conclusion might have been that the negligence of the plaintiff, in order to bar recovery, must be the efficient cause of the injury, or to use the language of the Circuit Judge, must be the immediate proximate cause of the injury as the words 'brought about' seem to imply."

This language is quoted with approval in the case of *Duncan* v. *Greenville Co.,* 73 S. C., 254, 53 S. E., 367.

Our construction as to the first of said contingencies is that in order to bar a recovery, the act of the person injured must be the efficient cause of the injury, *i. e.,* the immediate and proximate cause thereof.

The allegations of the complaint are sufficient to show that the act of the plaintiff, was not the proximate cause of the injury. Therefore, there was error in sustaining this ground of demurrer.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.