## MASONIC HOSPITAL ASS'N v. TAGGART.

No. 24274. March 19, 1935.

Rehearing Denied April 16, 1935.

N. A. Gibson and T. A. Higgins, for plaintiff in error.

Geo. W. Miller and Brown Moore, for defendant in error.

PER CURIAM. Action was brought by Annabelle Taggart in the district court of Payne county against the Masonic Hospital Association of Payne county, Okla., to recover damages for personal injuries alleged to have been sustained by her while a patient in a hospital owned and operated by the defendant below. Upon trial, plaintiff recovered judgment for $1,000. Motion for new trial was duly filed, and defendant below brings error to reverse the judgment and the order refusing a new trial. The parties will be referred to as they appeared in the court below.

The petition alleged that about August 20, 1930, plaintiff entered the hospital of the defendant at Cushing, as a paying patient in a childbirth case and had as her physician Dr. J. W. Martin; that said physician instructed Dora Fleming, a nurse and an employee of defendant, to administer a hypodermic injection of magnesium sulphate in the fleshy part of each arm, but that she negligently and in violation of the instructions of the doctor administered the injections in the left and right hips of plaintiff and caused pain, suffering and abscesses, to plaintiff's injury. The specific acts of negligence complained of are that the defendant failed to provide her with a competent, trained and careful nurse and that the nurse provided negligently administered the hypodermic injection in the hips instead of in the arms, to the great physical injury of the plaintiff.

The answer denied all material allegations of the petition not admitted; it admitted the residence of the parties, the incorporaion of defendant; that it was engaged in operating a public hospital, and that plaintiff was a patient therein about the date alleged in the petition under the attention of her physician, Dr. Martin, who did instruct the nurse, Dora Fleming, to administer a hypodermic injection of magnesium sulphate to the plaintiff, but denies that he instructed her to administer it in the arms. Defendant further alleged that Dora Fleming was at the time under the immediate supervision and control of Dr. Martin, and said that, if she was guilty of any negligence, which defendant denied, it was the negligence of her doctor. Defendant also denied that it failed and neglected to provide a competent nurse, and denied that the nurse was incompetent, negligent or careless. Plaintiff filed a general denial to defendant's answer.

There was no substantial dispute in the testimony, except as to whether the nurse was instructed by the doctor to administer the hypodermic injection in the arms of the plaintiff, or merely to administer the hypodermic injection. The undisputed testimony is that Dora Fleming was a registered, graduate nurse with several years' nursing experience since graduation, and there is nothing in the testimony to show that she was incompetent or generally negligent and careless. There is testimony which, for the purpose of this appeal, we must consider as true, that Dr. Martin directed the nurse to administer the hypodermics in the deltoid muscle in the arm, and that instead of following his direction she administered them in the gluteus or large muscles of the hip or thigh, and that plaintiff thereafter suffered from abscesses at the places where these hypodermics were administered and had to have them drained on several occasions. The testimony is not clear as to what caused these abscesses, but for the purpose of this opinion we assume that the causal connection between the hypodermics and the abscesses was sufficiently shown.

The testimony of all the doctors who testified was to the effect that such injections are usually given in the gluteus or large muscles of the hip or thigh, but Dr. Martin testified that he differed from the general rule of doctors and preferred to give them in the arm. The nurse was employed and paid by the hospital company, but was under the direction and control of the doctor, and it was her duty to follow all instructions given by him. There is no evidence of any negligence or want of care on the part of the nurse, except as to the place of administering the hypodermic injections. There is no evidence tending to show that, had the injections been made in the arms, similar injuries would not have followed, or would have been less likely to have followed, or would have been less severe. It must be shown by competent evidence that the act of negligence was the proximate cause of the injury. St. Louis & S. F. Railway Co. v. Criner, 41 Okla. 256, 137 P. 705; Sallisaw Cotton Oil Co. v. Holland, 56 Okla. 428, 156 P. 174. While the abscesses may have been caused in some way by the in-

jections, possibly from some condition of the plaintiff's system, possibly from some impurity in the preparation injected, possibly from some contamination through preparation or handling of the syringe, or possibly in some other way, there is nothing in the evidence to indicate that the place of injection had anything to do with the injury except as to its location. We do not think that the necessary causal connection is shown by evidence which merely indicates that, but for the negligent act proven, the injury would have been in some other part of the body, without anything to indicate that the injury would have been less likely to have occurred, or less severe. The negligence must have caused the injury, not merely have affected its location at one place rather than another.

The judgment of the court below is reversed, with directions to enter judgment for the defendant.

The Supreme Court acknowledges the aid of Attorneys Frank Wells, Streeter B. Flynn, and John H. Halley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wells and approved by Mr. Halley, Mr. Flynn not participating, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.