## GUTHRIE, Adm'x, v. CITY OF HENRYETTA.

No. 24684. May 19, 1936.

Anton Koch and Glen Alcorn, for plaintiff in error.

W. E. Foster and E. W. Smith, for defendant in error.

OSBORN, V. C. J., This action was instituted in the district court of Okmulgee county by Elizabeth Guthrie, administratrix of the estate of Charles Guthrie, deceased, as plaintiff, against the city of Henryetta, as defendant, wherein plaintiff sought to re-

cover damages on account of certain alleged negligent acts on the part of the officers and agents of said city resulting in the death of the said Charles Guthrie, her husband. The cause went to trial before a jury, and at the conclusion of all the evidence the trial court sustained defendant's motion for a directed verdict and entered judgment for defendant, from which plaintiff appeals. The parties will be referred to as they appeared in the trial court.

Plaintiff alleges that on or about October 15, 1930, and prior thereto, defendant was engaged in improving and repairing certain of its streets which were a part of U. S. Highway No. 75, leading into and through said city; that in order to make certain improvements said highway was closed to traffic and at a point where said highway intersected Cummings street in said city, at a point about 300 feet in a northeasterly direction from the place where the repair work was being done, there was erected a barricade; that three small lights were placed near said barricade for the purpose of warning travelers upon the highway that the street was closed; that the deceased at that time was employed by the city to assist in the improvement and repair work; that he was given a small red flag and ordered by the street commissioner to stand in front of the barricade above mentioned and detour traffic around the streets which were being repaired; that about 8 o'clock p. m. on the night of October 15, 1930, while performing his duties under the orders and directions of the street commissioner, said deceased was struck and knocked down by an automobile being driven at a high rate of speed in a southerly direction along and upon said U. S. Highway No. 75, and thereby received injuries from which he died on the following day. It is further alleged that the injuries so sustained were caused by the negligence of defendant in the following particulars: That it was the duty of the city to provide notice or warning a sufficient distance from the place where the street and highway were closed in order that travelers proceeding along and upon said highway might know that said highway was closed and be on the lookout; that it was the duty of the city to place red lights at a point where the barricade was erected across the street which might be seen and observed by travelers on the highway at a point sufficiently distant to enable them to slow down to a stop before reaching said barricade; that instead of providing deceased with a red light with which to signal travelers approaching the barricade, defendant furnished said deceased with a red flag which was not a proper means with which to signal traffic.

The allegations of the petition were denied in the answer of the defendant, and in addition to said general denial, it is alleged as follows:

"That at the time of the fatal injury, the driver of said automobile was driving and operating the same while intoxicated and in violation of the criminal laws of the state of Oklahoma, as a result of which the said Charles Guthrie was struck and killed; that even if it is true, as alleged by plaintiff, that defendant failed to maintain sufficient guards and signals at the place where the alleged fatal injury occurred, such alleged negligence and omission was in no sense the cause of the alleged fatal injury because at the time of the alleged fatal injury the driver of said automobile, because of his intoxication could not have been warned by any signal which might have been maintained by the defendant, and it is, therefore, no causal connection between the negligence charged in the petition and the injury sustained."

Plaintiff seeks to recover on the theory that the driver of the automobile which struck deceased and the city are joint tortfeasors and the city cannot escape liability for the reason that there was concurring negligence on the part of another.

A number of legal propositions are presented and argued in the briefs, but the principal question is whether or not the acts of negligence relied upon were the proximate cause of, or contributed to, the injury resulting in the death of deceased.

" 'To constitute actionable negligence, where the wrong was not willful or intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff proximately resulting from' such negligence to perform that duty." Patrick v. Oklahoma City, 170 Okla. 545, 41 P. (2d) 103.

"In a suit to recover for personal injuries, it must be shown by competent evidence that the act of negligence was the proximate cause of the injury." Masonic Hospital Ass'n v. Taggart, 171 Okla. 563, 43 P. (2d) 142.

"A demurrer to plaintiff's evidence in a personal injury action ought to be sustained, unless it is reasonably apparent that the injury suffered by the plaintiff is the causal effect from some wrongful act of the defend-

ant, in violation of a legal duty owing to the plaintiff." Lynn v. Gessel Drilling Co., 172 Okla. 16, 43 P. (2d) 1019.

"There must be a causal connection between the acts of the defendant and the injury suffered, and this causal connection must be established by the plaintiff, else he cannot recover." Pittsburg County Ry. Co. v. Hasty, 106 Okla. 65, 233 P. 218.

The evidence shows that the automobile was traveling at a high rate of speed at the time the deceased was struck and knocked down. The driver did not stop, but crashed through the barricade and proceeded at an excessive rate of speed over the streets which were being repaired, crashed through two other barricades erected upon said streets and did not come to a stop until he had reached a distant part of the city; that a short time thereafter he was arrested by the officers and was in a state of intoxication. Said driver was not joined as a party defendant in this action, neither was he called as a witness. In the light of these undisputed facts, we can conceive of no theory upon which there is established a causal connection between any of the alleged acts of negligence on the part of the defendant city and the injury sustained by deceased. Neither does it appear that the acts of negligence alleged in the petition contributed to the injury resulting in the death of the deceased. The evidence permits but one conclusion, and that is that the sole cause of the injury to deceased was the wanton, willful negligence on the part of the driver of the automobile.

The trial court did not err in directing a verdict in favor of defendant.

The judgment is affirmed.

RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.