## OKLAHOMA NATURAL GAS CO. v. SHIRLEY.

No. 30377.   Feb. 10, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 669.*

Underwood, Canterbury, Pinson, & Lupardus, of Tulsa, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

CORN, V. C. J.   Plaintiff was injured as a result of stumbling and falling into an excavation made by defendant's servants during the course of their duties. The action was tried to the court, and resulted in a verdict and judgment for the plaintiff for $3,000.

Plaintiff alleged, and the evidence showed, substantially the following facts. Oak street, in the city of Sapulpa, runs north and south. On the west side of said street, between the sidewalk and the street, across what is commonly referred to as the "parking," defendant had caused an excavation to be made. Where this excavation was flush with the curb it was about three feet deep and the same distance wide, and extended east and west. Barricades had been placed on the north and south of

this excavation, and these jutted onto the edge of the sidewalk some three inches. Plaintiff further alleged that no barricades or protection had been erected to prevent one using the sidewalk from stepping into this hole. While walking along the east edge of this walk plaintiff stumbled and fell into the hole and suffered the injury complained of, which she alleged to be the proximate result of the failure of the defendant to furnish barricades to warn the plaintiff of the dangerous condition of the sidewalk.

Defendant denied negligence on its part, and pleaded contributory negligence as the cause of defendant's injury; and, if the locality was of such a nature that she could not see the situation, then plaintiff was further guilty of contributory negligence in that plaintiff did not remain at a safe distance from the barricades.

Defendant moved for judgment upon plaintiff's opening statement, upon the ground there was nothing in the pleadings or the opening statement from which defendant's negligence could be deduced. The court overruled defendant's motion, and at this point the court inquired if there was a light upon the barricade. Defendant's attorney asserted there was no issue on this point, while plaintiff's attorney asserted he had sufficiently raised the question by alleging the injury occurred after dark, and that there was "no barricade or protection to keep one, while using the sidewalk, from stepping off the edge thereof into such hole or excavation." Defendant objected to any amendment to the petition, whereupon plaintiff stated the issue would be met without amendment.

The testimony showed plaintiff was walking north along the the street in company with her husband, daughter, and one Hickman. Hickman testified the barricade was on the edge of the walk, and that there was nothing to keep a person from stepping off into the hole; that it was dark in the vicinity and there were no light reflections. On cross-examination, after the witness had been questioned, on both direct and cross-examination, as to anyone being able to see at that particular point, and as to the lights and light reflections in that vicinity, counsel for the defendant propounded the following questions:

"Q. Now, Mr. Hickman, over counsel's objection, you were permitted to state that there was no lantern on this barricade? A. There was not. Q. There was no dashpot sitting there on that pile of dirt? A. It was not burning if it was."

This witness had already testified it was dark there, although not so dark but that you could see some, but that there was some light there. We mention here that a careful reading of this testimony shows that, until the time defendant's counsel asked specifically concerning the presence of the dashpot or lantern, the only testimony given concerning lights was the testimony concerning street lights or light reflections from business establishments. Hickman also testified that plaintiff's husband had to strike a match in order to see the hole.

Plaintiff's testimony was that it was so dark along there that she moved over on the edge of the walk for people to pass, struck something with her foot, and her feet went into the hole and injured her leg. As a result of her injury her knee was subject to swelling and she was unable to do any work. Plaintiff offered medical testimony as to her condition, as well as additional testimony concerning the facts of her injury, in the nature of cumulative testimony.

Defendant's evidence, principally from employees of the defendant, was to the effect that there were lights upon the barricades the night plaintiff was injured, and that placing of lights or lanterns on the barricades was their usual practice. Plaintiff then offered rebuttal testimony to the effect that there were no warning lanterns there.

At the close of the evidence the court declared its intention of viewing the premises. Thereafter, the court rendered findings of fact as follows (quoting only the pertinent portion):

"2. The court finds that the plaintiff's injuries were proximately caused by the careless and negligent acts and omissions of the Oklahoma Natural Gas Company, a corporation, defendant herein, in leaving an excavation at and near the east edge of the sidewalk along which the plaintiff was walking with insufficient guards or protection under the circumstances which then and there existed such as would guard, warn and protect an ordinarily prudent person in the proper use of such sidewalk from receiving injury by reason thereof.

"3. The court further finds that a portion of the barricade which was constructed by the defendant company extended a slight distance over the edge of the sidewalk upon which the plaintiff struck her toe which caused her to fall into the excavation and upon the sidewalk. That the barricade erected was not sufficient to guard one in walking near the edge of the sidewalk from stepping into such excavation.

"4. The court further finds that the plaintiff was not guilty of contributory negligence on her part, that no warning lights were burning at the time of her injury and other lights upon such street were not sufficient to warn a person of the presence of such barricades and excavations while in the exercise of reasonable care.

"5. The court further finds that plaintiff has been damaged in the sum of three thousand ($3,000) dollars."

The trial court then found, as a conclusion of law:

"1. Any person who causes an excavation to be made at or in close proximity to the edge of the sidewalk used as a public thoroughfare owes to a person using such sidewalk a duty to erect such barricades and protections so that such person while in the exercise of ordinary care would not probably be injured by reason thereof and the failure to do so constitutes negligence."

Defendant's first contention is that plaintiff's petition did not state a cause of action. It is defendant's theory that barricades are merely danger signals which, when visible, sufficiently apprise passers-by of a dangerous condition. Defendant argues that the suffi-

ciency of the barricades on the north and south of the hole had not been questioned, and if such barricades extended upon the sidewalk, they thereby served to provide a better warning of a dangerous condition.

It is too well settled to require citation of authority that, to constitute actionable negligence, three elements must be present: (1) A duty owing to the plaintiff to protect him from injury; (2) a violation of that duty; (3) injury resulting therefrom. When these elements are shown to have been present, actionable negligence exists, and a petition based upon these requisites states a cause of action.

This court, in the early case of City of Stillwater v. Swisher, 16 Okla. 585, 85 P. 1110, stated the rule as follows:

"A person traveling on a public street of a city, which is in constant use by the public, while using the same with reasonable care and caution, has a right to presume that such street is in a reasonably safe repair, and is reasonably safe for ordinary travel by night, as well as by day, throughout its entire width, and is free from all dangerous holes and obstructions."

This rule has been followed in Town of Fairfax v. Giraud, 35 Okla. 659, 131 P. 159; City of Miami v. Finley, 112 Okla. 97, 240 P. 317; Apache Gas Co. v. Thompson, 177 Okla. 594, 61 P. 2d 567.

Defendant further complains the medical evidence was insufficient and not based upon a proper hypothesis. This evidence was elicited from plaintiff's physician, who testified over defendant's objection that the testimony should be given in response to hypothetical questions. The doctor testified from his own knowledge, based upon examination, treatment, and the history of the case as related to him by the plaintiff. Under the rule of this court in Yellow Cab Co. v. Bethel, 183 Okla. 219, 81 P. 2d 667, this testimony was competent and sufficient to establish the nature and condition of plaintiff's injury.

Defendant further contends the judgment was excessive. This matter was not assigned as error in the motion for new trial, hence it is unnecessary for us to consider the question now sought to be raised.

Judgment affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.