CURTIS
v.
SHELL PIPE LINE CORP.
No. 35640.

Supreme Court of Oklahoma.
Dec. 22, 1953.
Rehearing Denied Jan. 12, 1954.

and permanent injury and rupture of his intervertebral disc, from being thrown to the ground by the violent jerking of the head of his imprisoned cow, which he and two other persons were attempting to extricate from a ditch, some four feet wide and three and one-half feet deep, by defendant dug, and negligently left open and unbarricaded, a distance of approximately 375 feet across plaintiff's land, into which his said cow had fallen and was unable to extricate herself; that plaintiff was acting in a wise and prudent manner in attempting to remove her from the ditch, she being valuable property; that his efforts were to preserve said property.

Plaintiff further alleged that defendant knew that such open ditch was in plaintiff's pasture; was near his only source of livestock water, being a pond in this pasture; was where plaintiff kept his livestock and turkeys; and that the described ditch constituted a hazard and danger to plaintiff, his family, and his livestock.

Defendant demurred to plaintiff's amended petition on the ground it did not state a cause of action.

The plaintiff maintains that his amended petition stated a cause of action based on defendant's negligence in digging the ditch across the pasture, leaving it open and unbarricaded and that defendant should have reasonably expected that a cow might fall into the ditch and be unable to extricate herself and that plaintiff upon finding his cow in the ditch was entitled to make a prudent effort to rescue the animal and to minimize damages.

The defendant contends that the described ditch was not sufficiently a hazard to charge the defendant with negligence in leaving it open and unbarricaded and that no one could reasonably expect a cow to fall therein or to be caught in such a manner as to be unable to extricate herself, or that the plaintiff would go to the rescue of the animal and be injured thereby. Defendant also contends that the act of the plaintiff in attempting to remove the cow was an intervening cause completely insulating the original negligence, if any there was, thereby preventing the amended petition from stating a cause of action.

James M. Springer, Jr., Stillwater, for plaintiff in error.

A. R. Swank, A. R. Swank, Jr., E. C. Swank, Stillwater, for defendant in error.

## PER CURIAM.

Defendant was the owner of a pipe line which ran across plaintiff's property by a right-of-way agreement; and, on or about December 18, 1951, defendant dug a ditch upon its said right-of-way.

Plaintiff's amended petition alleged: that he suffered injury and damages, a painful

In support of its demurrer defendant argues and asserts that "it could not reasonably be expected that a cow would fall in a small ditch", "be unable to extricate herself", or "that the owner would go to her rescue and thus be injured", and "under the allegations of the amended petition there is an absolute want of proximate cause."

■ A general demurrer admits the truth of all the facts which are properly pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true for the purposes of the demurrer. Schuman v. Williams, 176 Okl. 420, 57 P.2d 821; Clinkscales v. Mundkoski, 183 Okl. 12, 79 P.2d 562.

We have heretofore held that the digging of a ditch and the leaving of it unbarricaded constitute a dangerous condition which, when created or permitted to exist, may be actionable. Apache Gas Company v. Thompson, 177 Okl. 594, 61 P.2d 567; Oklahoma Natural Gas Co. v. Shirley, 190 Okl. 319, 123 P.2d 669. We cannot agree with defendant's assertion that one could not reasonably expect a cow to fall in a ditch, such as is described in the amended petition, or be unable to extricate herself therefrom. Certainly, plaintiff's pasture was not as safe a place for his livestock after the ditch was dug as it was before. The ditch, left unbarricaded, was an excavation into which livestock was in danger of falling. If a cow, going about in its owner's pasture, becomes lodged in a ditch dug by another, from which she cannot extricate herself, her position may be the direct and proximate result of the negligence of the digger of the ditch. See Cooper v. Richland County, 76 S.C. 202, 56 S.E. 958, 10 L.R.A.,N.S., 799; and annotations in 64 A.L.R. 522.

As we said in Clinkscales v. Mundkoski, 183 Okl. 12, 79 P.2d 562, 564, "we do not say as a matter of law that this was negligence" on the part of the defendant; "we do say that a question of fact was thereby presented for the jury's determination". Clearly it cannot be said that a judgment for plaintiff based on primary negligence with respect to the ditch, under the alleged circumstances, would be reversed by an appellate court for insufficiency of the evidence. We are of the opinion that the amended petition to this point states a cause of action.

But since the injury was to the owner through the medium of the cow in the ditch we must determine the other questions of law raised by the defendant: That even if it was negligence to leave the ditch in the condition as alleged in the amended petition a cause of action is not stated because, (a) defendant could not have reasonably anticipated the results which were had, or (b) the act of the plaintiff broke the line of causation and insulated the injury from such negligence.

The accident to the cow was an injury to the owner. Page v. Town of Bucksport, 64 Me. 51, 18 Am.Rep. 239. Plaintiff desired to protect himself from the injury, to minimize the damages and to save the property. With the cow in the ditch it was but natural for him to attempt to get her out; in attempting to do so he caught the head of the cow, while she was in the ditch, and with the aid of two men who grasped other portions of the cow's body, he and they sought to remove the cow from the ditch; the cow violently shook her head and threw the plaintiff to the ground resulting in an alleged injury to his back; the defendant was bound to anticipate these happenings. Everyone is bound to anticipate the results naturally following from his acts.

In the case of Oklahoma Natural Gas Co. v. Courtney, 182 Okl. 582, 79 P.2d 235, at page 240, we said:

"A party guilty of negligence or omission of duty is responsible for all the consequences, which a prudent and experienced party, fully acquainted with all the circumstances which in fact exist, whether they could have been ascertained by reasonable diligence or not, would have thought at the time of the negligent act as reasonably possible to follow, if they had been suggested to his mind."

In that case we held that where the Gas Company had contracted to inspect plaintiff's gas conduits it was bound to anticipate that shortly after the gas was released from the mains to the meter, on plaintiff's premises, that plaintiff or some other person would open the meter valve and turn gas in-

to plaintiff's lines and fixtures. In the Courtney case, supra, a plumber turned the valves at the meter and the gas flowed into plaintiff's lines and escaped from an uncapped line under the house, which had not been detected by the defendant. An explosion followed and the plaintiff therein was injured, and a judgment in his favor was affirmed.

Thus, in the Courtney case, supra, the act of the plumber, under the direction of the plaintiff, in turning on the gas, intervened between the time the Gas Company left the gas at the meter and the time subsequent thereto when the explosion occurred and with respect to this situation we said:

"Where there is an intervening, responsible agency, which directly produces the injury, question as to whether original negligence is to be regarded as the proximate cause of the injury, or only as a condition, or remote cause, is to be determined by ascertaining whether the agency which intervened was of such a character, and the circumstances under which it occurred were such, that it might have been reasonably expected that such agency or a similar one would have intervened in such a way as to be likely to produce an injury similar to the one actually caused."

Plaintiff intervened to remove his cow from the ditch, which was to be reasonably expected in the usual course of events, and the force went into action which injured him.

"Where under the circumstances an intervening responsible agency might reasonably have been expected in the usual course of events, and according to common experience, then the chain of causation, extending from the original wrongful act to the injury, is not broken by the independent, intervening agency, and the original wrongful act will be treated as the proximate cause." Oklahoma Natural Gas Co. v. Courtney, supra.

In addition, defendant should have anticipated such action because plaintiff had a right to preserve his property; also the plaintiff could not permit the cow to die without an effort to save it; 38 Am.Jur. 739–740, Sec. 81, Negligence; Illinois Central R. Co. v. Siler, 229 Ill. 390, 82 N.E. 362, 15 L.R.A.,N.S., 819, 11 Ann.Cas. 368; and, while attempting to do so, plaintiff must be regarded as under the direct and immediate force of the first cause which made such effort necessary. Defendant's negligence caused plaintiff to attempt to release the cow. This completed a continuous sequence from the primary negligence to the injury.

"The proximate cause of an injury is that cause which in natural and continuous sequence unbroken by an efficient intervening cause produces the injury and without which the result would not have occurred." Wilcox Oil Co. v. Bradberry, 208 Okl. 546, 257 P.2d 1096, 1097.

■ However, in connection with an effort to preserve property and to minimize damages the owner must exercise such care for his safety as is reasonable and prudent under the circumstances; he is justified in using every effort to save it which a reasonably prudent person would use under the circumstances, even though the efforts expose him to some danger which he would otherwise avoid. Due care depends upon the circumstances surrounding the action. What is due care in one situation might be gross recklessness in different circumstances. Cooper v. Richland County, 76 S.C. 202, 56 S.E. 958, 10 L.R.A.,N.S., 799, 121 Am.St.Rep. 946; 38 Am.Jur. 739–740, Sec. 81, Negligence; Illinois Central R. Co. v. Siler, 229 Ill. 390, 82 N.E. 362, 15 L.R.A., N.S., 819, 11 Ann.Cas. 368. Defendant's brief states that plaintiff "says he strained his back" when he took hold of the cow. This was the allegation in the original petition but the amended petition alleges that the cow jerked her head thereby throwing plaintiff violently to the ground whereupon he suffered the injury complained of. Plaintiff secured the help of two men to aid him. And, as they started to extricate the cow there was nothing in the situation or the then existing set of circumstances which would have deterred a reasonably prudent person from making the effort. Then, plaintiff's effort was a prudent one.

The amended petition alleges, and for the purposes of this opinion we must assume, that plaintiff made a prudent effort, did not unduly expose himself to danger and that he was impelled by the necessity of the occasion, as he saw it, to release the cow from the ditch. Under such circumstances plaintiff's act did not supersede and insulate the primary negligence.

Plaintiff's act was not independent of the original act and was not adequate of itself to bring about the injury.

In the case of Wilcox Oil Co. v. Bradberry, supra, we said:

"In order to relieve the one guilty of the first act of negligence of responsibility the intervening cause must entirely supersede the original act of negligence. In other words it must be independent of the original act and adequate of itself to bring about the injurious result."

Defendant in its brief quotes extensively from Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277, but it is not in point.

In the Wise case (City of Altus v. Wise, 193 Okl. 288, 143 P.2d 128), defendant asserted, that despite its negligence, the intervening negligence of an unknown third person in cutting the mixer wires was the proximate cause of the death of Wise, and that its (City of Altus) own negligence was only the remote cause. We held that defendant's original negligence was not superseded by the unknown third party's act. This case, then, is authority for our holding herein and in the Bradberry case, supra.

But the Gilbert case (St. Louis-San Francisco R. Co. v. Gilbert, 185 Okl. 591, 95 P.2d 123), presented a different situation, as we pointed out in Magnolia Petroleum Co. v. Barnes, 198 Okl. 406, 179 P.2d 132, 136 (cited by both parties herein), wherein we said:

"In the Gilbert case, supra, the act of a third person produced the injury; the defendant was not negligent."

Since there was no negligence in the Gilbert case, supra, there could be no intervening cause and the case, due to its factual situation, is not authority herein.

In the Barnes case, supra, we pointed out that a welder's sparks igniting the gas and causing the explosion was not an intervening act so as to insulate defendant's negligence, that of furnishing an unsafe place to work, from the injury; and pointed out in the opinion that the case of Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okl. 149, 61 P.2d 1045, was not decisive.

The deceased, in the Munroe case, supra, did not perform the act he was engaged to perform, and this case, cited by defendant, is not decisive.

Defendant has argued that plaintiff is attempting to base a legal conclusion upon inference which in turn was based upon an inference. As pointed out in this opinion, we hold that the major premise is the fact, not an inference, that the cow was caught in the ditch by reason of defendant's negligence; and, as one of the second premises or connecting links, the fact that plaintiff did only a natural thing in the ordinary course of events, and, as another second premise, the fact that plaintiff had a right to preserve his property, and, as another second premise, the fact that plaintiff had a duty to minimize his damages; all of which brings us to only one inference, or conclusion, or deduction, whichever term thought to be most descriptive, that defendant's original negligence was the proximate cause of plaintiff's injury. Thus, the prudent effort of the plaintiff to extricate the cow from the ditch was no more than the defendant should have anticipated.

Defendant in arguing "that the causal connection between an act of negligence and an injury is broken by the intervention of a new, independent and efficient cause which was neither anticipated nor reasonably foreseeable" also cites: Stephens v. Oklahoma City Railway Co., 28 Okl. 340, 114 P. 611, 33 L.R.A.,N.S., 1007; City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189; O'Neil v. Vie, 94 Okl. 68, 220 P. 853; Mathers v. Younger, 177 Okl. 294, 58 P.2d 857; Janow v. Lewis, 197 Okl. 415, 172 P.2d 315; Calliari v. Fisher, 190 Mich. 56, 155 N.W. 689; and Crowley v. City of West End, 149 Ala. 613, 43 So. 359, 10 L.R.A.,N.S., 801; but these cases do not benefit defendant.

In the Stephens case, supra, the plaintiff was struck by the fire chief's buggy after alighting from defendant's street car; in

the Hemphill case, supra, the injured person was struck by an automobile while skirting a pool of water negligently allowed to accumulate by defendant; and, in the Janow case, supra, the affirmative act of the pilot, off the runway, was sufficient of itself to cause the injury. These cases are not decisive.

In the O'Neil case, supra, and in the Mathers case, supra, we held there was no primary negligence, on the part of the defendants.

The case of Calliari v. Fisher, supra (a Michigan case), turned on the point that defendant could not have anticipated that plaintiff would attempt to stop his own team or that in so doing injury would result, the defendant having left his team unhitched, knowing that it was apt to run away, and it ran away, frightening plaintiff's team, which also commenced to run. The plaintiff had gone into a store after leaving his team unhitched and was not near his team. This presented an entirely different situation from that in Hinchman v. Pere Marquette Railroad Company (another Michigan case), 136 Mich. 341, 99 N.W. 277, 65 L.R.A. 553, where it was held that a jury might properly find that a railroad employee's negligence in causing steam to be emitted from an engine standing stationary upon the tracks was the proximate cause of injury received by plaintiff when, in attempting to restrain his horse, a line unsnapped from the bridle, inducing plaintiff to leap from the buggy and seize the horse's head, in consequence of which the injuries were received. Also, the Michigan court, in the case of La Duke v. Exeter Tp., 97 Mich. 450, 56 N.W. 851, where the facts more nearly parallel our facts, held that the injury sustained by plaintiff in attempting to hold his horses, to prevent injury to the horse with its hind foot caught in a hole in the bridge, was the proximate result of the township's negligence in not keeping the bridge in repair.

In the Crowley case, supra, there was no allegation that the horse, after falling on the ice, was in any danger, was unable to extricate itself, or that it was necessary for its owner to go to its rescue to prevent injury to it.

 An injury sustained by the owner of property in making a prudent effort to minimize damages, and to save the property from loss, may be the direct and proximate result of the original act of negligence which placed the property in peril, and, a cause of action is stated herein where the petition alleges that plaintiff was injured while making a prudent effort to extricate his imprisoned cow from a ditch which defendant dug and negligently left open and unbarricaded across plaintiff's pasture.

The judgment of the trial court sustaining the general demurrer is reversed, and the cause is remanded with directions to overrule said demurrer and proceed with the case.

HALLEY, C. J., and CORN, DAVISON, O'NEAL and WILLIAMS, JJ., concur.

JOHNSON, V. C. J., and BLACKBIRD, J., concur in conclusion.

This court acknowledges the services of Attorneys Lloyd Clearman, Lockwood Jones, and J. T. Bailey, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by this court.